UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO . 09-60351-CIV-SEITZ/O'SULLIVAN

MANAGED CARE SOLUTIONS, INC.,

      Plaintiff,

vs.

ESSENT HEALTHCARE, INC.,

      Defendant.

_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion to Strike Plaintiff's Expert Disclosures (DE# 115, 4/2/10).  Having reviewed the motion, the Defendant's Memorandum in Support of Motion to Strike Plaintiff's Expert Disclosure (DE# 116, 4/2/10), the Plaintiff's Response in Opposition to Defendant's Motion to Strike Plaintiff's Expert Disclosures and Incorporated Memorandum of Law (DE# 121, 4/19/10), the defendant's Reply in Support of Essent's Motion to Strike Plaintiff's Proffered Expert Testimony (DE# 130, 4/26/10), and having considered applicable law, the undersigned will grant the motion to strike and will preclude testimony from the four individuals identified as experts by the plaintiff.

### Factual Background

The defendant seeks an order precluding the testimony of four individuals identified by the plaintiff as expert witnesses for the plaintiff's failure to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2) and S.D. Fla. L.R. 16.1.K.  Pursuant to the Court's Order, the deadline for the plaintiff's expert disclosure was March 12, 2010.  On March 12, 2010, the plaintiff provided the names and addresses of four

individuals as expert witnesses.  Messrs. Robert Dingess and Jack Ragan were listed under the header "Healthcare Revenue Cycle, Software License Fees and Collection." Mr. Jeffrey Koch and Ms. Dana Kaufman were listed under the header "Forensic Accounting."  See Pl.'s Motion, Exhibit A (DE# 115-1, 4/2/10) The biography and curriculum vitae only of Mr. Dingess was also provided.

The defendant argues that the plaintiff's expert disclosures are inadequate in that no expert reports or summaries were provided, the disclosure was not signed by the designated expert witnesses and the disclosure did not contain the necessary information required by Fed. R. Civ. P. 26(a)(2)(B)( I)-(vi) and S.D. Fla. L.R. 16.1.K. Pursuant to the Court's order, the deadline for factual discovery was April 1, 2010, and the deadline for expert discovery was April 30, 2010.

The defendant contends that Fed. R. Civ. P. 37(c) requires this Court to restrict a party from using a witness at trial if the party fails to provide information or identify a witness as required by Fed. R. Civ. P. 26(a) unless the failure was substantially justified or harmless.  The defendant maintains that the plaintiff has failed to show that the inadequate expert disclosure was substantially justified or harmless.  The defendant further argues that the plaintiff's inadequate expert disclosure has prejudiced the defendant's ability to attain meaningful discovery of facts and information necessary to defend against the possible opinions of the plaintiff's experts or to secure expert testimony to rebut such possible opinions.  Additionally, the defendant contends that the lack of information has prejudiced the defendant's ability to investigate the qualifications and background of each of the individuals identified by the plaintiff as an expert.

2

In its response, the plaintiff presents essentially two arguments: 1) that the defendant has not suffered any harm due to the plaintiff's incomplete expert disclosure; and 2) that the plaintiff's failure to provide a complete expert disclosure is justified.  The plaintiff contends that the plaintiff's "inability to request reports from its experts" was caused by the defendant's "own misconduct during the course of the litigation and especially during the discovery process...."  Pl.'s Response at 5, ¶ 14 (DE# 121, 4/19/10).

The plaintiff's response contains numerous concessions that its expert disclosure is incomplete.[1]  Notwithstanding, the plaintiff contends that it "supplied [the defendant] with sufficient information that may assist [the defendant] during cross examination at trial" and that the defendant had "a substantial period of time, over six (6) weeks prior to the expert discovery deadline ... to depose said experts. " Id. at 7-8, ¶ 23.  The plaintiff also maintains that the Court order setting the March 12, 2010 deadline made no mention of the scope of the information to be disclosed.   The plaintiff concludes that the Court cannot strike its expert witnesses unless it lacked substantial justification for its failure and/or the failure prejudices the defendant.  Finally, the plaintiff mistakenly argues that the defendant has failed to carry its burden, when the burden is the plaintiff's to meet.  See United States v. Batchelor-Robjohns, No. 03-

---

[1]See id. Pl.'s Response at 6, ¶ 18 ("... will diligently supplement their disclosures as required by Rule 26(e)(1) upon the completion of all material discovery."); Id. at 6-7, ¶ 21 ("[The plaintiff] has substantial justification to file supplemental disclosures (based upon a lack of material discovery due to Defendant's own bad faith in concealing and/or destroying said evidence) ...."); Id. at 7, ¶ 22 (The defendant's bad faith conduct "... necessitated an incomplete disclosure until material discovery is deemed complete."); Id. at 7 n.5 (The plaintiff requests the ability to supplement its expert disclosures.).

20167-CIV, 2005 WL 1761429, at *2 (S.D. Fla. June 3, 2005) ("The burden rests upon

the non-producing party to demonstrate that its actions were substantially justified or

harmless.") (citations omitted).

Discussion

_____Federal Rule of Civil Procedure 26(a) requires a party to disclose the identity of

any witness it may use at trial to present evidence under Federal Rules of Evidence

702, 703, or 705.  Rule 26(a)(2)(B) requires the disclosing party to include a written

report that is prepared and signed by the proposed expert witness.  The written report

must include:

> ( I ) a complete statement of all opinions the witness will express and the
> basis and reasons for them;
> (ii) the data or other information considered by the witness in forming
> them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored
> in the previous 10 years;
> (v) a list of all other cases in which, during the previous four years, the
> witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and
> testimony in the case.

Fed. R. Civ. P. Rule 26(a)(2)(B).  "'Disclosure of expert testimony' within the meaning of

the federal rule contemplates not only the identification of the expert, but also the

provision of a written report containing 'a complete statement of all opinions' and 'the

basis and reasons therefore.'" Reese v. Herbert, 527 F.3d 1253, 1265 (11th Cir. 2008)

(citing Fed. R. Civ. P. 26(a)(2)(B)).

Rule 26(a)(2)(C) requires the parties to make the disclosures "at the time and in

the sequence that the court orders."  In this action, the plaintiff's disclosure was due on

March 12, 2010.  The deadline for factual discovery was April 1, 2010, and the deadline

4

for expert discovery was April 30, 2010.

Local Rule 16.1.K requires the exchange of an expert's report containing, among other things, "the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion." S.D. Fla. L.R. 16.1.K. The Local Rule also requires a party's expert disclosure to include "lists of the expert's qualifications to be offered at trial, publications and writings, style of the case and name of court and Judge in cases in which the expert has previously testified and the subject of that testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion." Id.

On the March 12, 2010 deadline, the plaintiff provided the name and mailing address of four witnesses identified as experts. Messrs. Dingess and Ragan were listed under the header "Healthcare Revenue Cycle, Software License Fees and Collection." Mr. Koch and Ms. Kaufman were listed under the header "Forensic Accounting." The plaintiff provided the biography and curriculum vitae of only one individual, Mr. Dingess. The plaintiff did not furnish expert reports for any of the four identified experts. The expert disclosure was not signed by the expert witnesses. In its response, the plaintiff concedes that its expert disclosures are "partial" and "incomplete" and require supplementation. Pl.'s Response at 2, ¶ 5; 6, ¶ 18; 6-7, ¶ 21; 7, ¶ 22; 7 n.5 (DE# 121, 4/19/10).

The plaintiff maintains that the defendant had ample time to depose its expert witnesses before the April 30, 2010 deadline and thus, is not prejudiced. The plaintiff, however, ignores Rule 26(b)(4)(A), which prohibits the depositions of experts before the report is provided. Fed. R. Civ. P. 26(b)(4)(A). Moreover, "an expert report must be

5

complete such that 'opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and ... the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.'" <u>Dyett v. North Broward Hosp. Dist.</u>, 2004 WL 5320630 * 1 (S.D. Fla. Jan. 21, 2004) (quoting <u>Salgado v. General Motors Corp.</u>, 150 F.3d 735, 742 (7th Cir. 1998)(citation omitted)). The undersigned finds that the plaintiff's expert disclosures are plainly deficient under Rule 26(a)(2) and the Local Rules of this Court.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or the witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P.  37(c)(1).  "'[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" <u>Dyett</u>, 2004 WL 5320630 at *2 (quoting <u>Salgado</u>, 105 F.3d at 742).

The Eleventh Circuit recognizes that "[b]ecause the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, ... compliance with the requirements of Rule 26 is not merely aspirational." <u>Cooper v. Southern Co.</u>, 390 F.3d 695, 728 (11th Cir. 2004), <u>overruled on other grounds by</u> <u>Ash v. Tyson Foods, Inc.</u>, 546 U.S 454, 457-58 (2006) (internal citation omitted) (affirming the district court's decision to exclude an expert witness' declaration for the parties's failure to provide the defendants with an expert report); <u>see</u> <u>Reese v. Herbert</u>, 527 F.3d 1253, 1266 (11th Cir. 2008) (affirming district court's exclusion of an expert's affidavit for the party's failure to comply with expert disclosure

requirements).

"Generally, when assessing whether there was substantial justification for the failure to disclose or whether the failure to disclose was harmless courts consider four factors: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." Warner v. Ventures Health Care of Gainesville, Inc., 2001 WL 36098008 *1 (M.D. Fla. Aug. 1, 2001) (citing Sullivan v. Glock, 175 F.R.D. 497, 506-07 (D. Md. 1997) (citing Trilogy Communications, Inc. v. Times Fiber Communications, Inc., 109 F.3d 739, 744 (Fed. Cir. 1997)).

The plaintiff has failed to provide this Court with any actual evidence to support its position that its failure to comply with the expert disclosure requirements was substantially justified. Instead, the plaintiff blames the defendant's alleged misconduct in discovery proceedings for the plaintiff's inability to request reports from its experts.[2] Id. at 5, ¶ 14. If the plaintiff believed that it needed additional time to make complete expert disclosures, it was incumbent upon it to file a motion well in advance of the deadlines for expert disclosure and expert discovery. If, as the plaintiff complains, the defendant has not produced documents because they no longer exist due to the defendant's document retention policies or purported spoliation, then the plaintiff's

---

[2]Notably, several categories of information required under the Federal Rule and the Local Rule are independent of the defendant's discovery responses (e.g. the list of cases in which the expert has testified previously and the scope of such testimony, the list of qualifications and publications, and the like). The plaintiff offers no explanation for its failure to disclose such information which was completely within its ability to secure from the individuals it identified as experts.

experts would necessarily have to work with certain assumptions or other information. The plaintiff cannot excuse its lack of diligence in securing opinions from its experts due to missing discovery.   "Rule 26(a)(2)(B) places an absolute duty on the party seeking to introduce the expert testimony."  United States v. Batchelor-Robjohns, No. 03-20167-CIV, 2005 WL 1761429, at *3 (S.D. Fla. June 3, 2005).  The plaintiff has failed to identify any authority for the proposition that its experts are relieved of the Rule 26(a)(2)(B)'s disclosure requirements.

Additionally, the plaintiff asserts that the Court's February 25, 2010 Order which clarified certain deadlines and established the March 12, 2010 expert disclosure deadline made no mention of the written report requirement or other requirements pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.  Id. at 2, ¶ 2.  The defendant's alleged discovery deficiencies and the plaintiff's mistaken interpretation of this Court's order do not justify the plaintiff's violation of the expert disclosure requirements.

The plaintiff baldly asserts that the partial disclosure is harmless.  The undersigned disagrees.  The plaintiff's failure to comply with the expert disclosure requirements is harmful and prejudices the defendant.  Critical discovery and expert discovery deadlines have expired.  The deadline for dispositive motions is imminent. Trial is set for September 27, 2010.  The purpose of the expert witness disclosure requirements is thwarted by the partial expert disclosure in that whatever opinions and/or testimony that would be given by plaintiff's expert witnesses will necessarily be a surprise to the defendant, who has been deprived of the opportunity to determine whether rebuttal experts are necessary and has been deprived of the opportunity to

investigate the qualifications of the plaintiff's experts as well as the bases for their opinions.

The undersigned finds that the plaintiff's partial expert disclosure violated Rule 26(a) and Local Rule 16.1.K and was neither substantially justified nor harmless.  See Fed. R. Civ. P. 37(c)(1); see also, Ace Tech. Corp. v. GFM Corp., No. 08-60985-CIV-Cooke, 2010 WL 900525 (S.D. Fla. Mar. 11, 2010) (striking the expert's testimony for insufficient expert disclosure); United States v. Batchelor-Robjohns, No. 03-20167-CIV, 2005 WL 1761429, at *2 (S.D. Fla. June 3, 2005).  Accordingly, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Strike Plaintiff's Expert Disclosures (DE# 115, 4/2/10) is GRANTED and the plaintiff's expert witnesses are precluded from offering testimony or evidence in this action.

**DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of May, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record

9