UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-60351-CIV-SEITZ/O'SULLIVAN

MANAGED CARE SOLUTIONS, INC.,

       Plaintiff,

v.

ESSENT HEALTHCARE, INC.,

       Defendant.

_____/

**ORDER**

THIS CAUSE comes before the Court on the Non-Party's, Attorney's Healthcare, Inc., Objections to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and Motion to Quash and Incorporated Memorandum of Law (DE# 199, 8/5/10) and the Plaintiff's Response in Opposition to Non-Party, Attorney's Healthcare, Inc.'s, Objections to Subpoena for Production of Documents and Motion to Quash and Plaintiff's Motion to Compel Documents and Incorporated Memorandum of Law (DE# 203, 8/9/10).

On July 22, 2010, the plaintiff caused to be issued a subpoena duces tecum on non-party Attorney's Healthcare, Inc. (hereinafter "AHC") requiring that certain documents be produced at the plaintiff's counsel's office on or before August 6, 2010. See Subpoena (DE# 199-1, 8/5/10). On August 5, 2010, AHC filed objections and moved to quash the subpoena duces tecum. See Non-Party's, Attorney's Healthcare, Inc., Objections to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and Motion to Quash and Incorporated

Memorandum of Law (DE# 199, 8/5/10). The plaintiff filed a response on August 9, 2010. <u>See</u> Plaintiff's Response in Opposition to Non-Party, Attorney's Healthcare, Inc.'s, Objections to Subpoena for Production of Documents and Motion to Quash and Plaintiff's Motion to Compel Documents and Incorporated Memorandum of Law (DE# 203, 8/9/10).

AHC raises several general objections to the subpoena duces tecum. AHC states that the subpoena duces tecum seeks confidential and proprietary information, the production of documents responsive to the subpoena duces tecum would violate HIPAA and would cause undue burden and cost to AHC. The Court finds that the confidentiality agreement entered into by the parties in this case applies to third-party production and is sufficient to alleviate AHC's privacy concerns. Additionally, AHC has not shown that responding to the plaintiff's subpoena duces tecum would subject it to undue burden and expense. As the party moving to quash the subpoena, AHC must show the subpoena subjects it to undue burden. <u>Sherwood v. Michelin North America, Inc.</u>, No. 7:06-CV-93,  2007 WL 431090 *2 (M.D. Ga. Feb. 2, 2007) (citing, <u>Wiwa v. Royal Dutch Petroleum Co.</u>, 392 F.3d 812, 818 (5th Cir. 2004)). AHC's conclusory statements are insufficient to meet this burden. Accordingly, it is

ORDERED AND ADJUDGED that the Non-Party's, Attorney's Healthcare, Inc., Motion to Quash and Incorporated Memorandum of Law (DE# 199, 8/5/10) is **DENIED** and the objections raised therein are **OVERRULED**. It is further

ORDERED AND ADJUDGED that the Plaintiff's Motion to Compel Documents and Incorporated Memorandum of Law (DE# 203, 8/9/10) is **GRANTED**. AHC shall respond to the subpoena duces tecum on or before **Monday, August 23, 2010**. With

respect to documents responsive to the request for contracts (Request No. 1), AHC is

permitted to redact the negotiated fee rates.[1]

DONE AND ORDERED in Chambers at Miami, Florida this **9th** day of August,

2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All Counsel of Record

Copies mailed by Chambers to:
Barbara Fernandez
Hinshaw & Culbertson LLP
9155 S. Dadeland Blvd.
Suite 1600
Miami, FL 33156

---

[1] AHC has "agree[d] to produce responsive contracts if designated as confidential under the Agreed Protective Order . . . in this case, and with any and all fee rates to be redacted . . . ." Non-Party's, Attorney's Healthcare, Inc., Objections to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and Motion to Quash and Incorporated Memorandum of Law (DE# 199 at 2, 8/5/10).The plaintiff in its response states that it "would be amenable to redaction of the negotiated fee rates by AHC concerning any and all agreements between [AHC] and [the defendnat] and/or any of [the defendant's] five (5) hospital facilities." Plaintiff's Response in Opposition to Non-Party, Attorney's Healthcare, Inc.'s, Objections to Subpoena for Production of Documents and Motion to Quash and Plaintiff's Motion to Compel Documents and Incorporated Memorandum of Law (DE# 203 at 7, 8/9/10).