UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO . 09-60351-CIV-SEITZ/O'SULLIVAN

MANAGED CARE SOLUTIONS, INC.,

    Plaintiff,

vs.

ESSENT HEALTHCARE, INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion to Strike "Plaintiff's Supplemental Disclosures" and Memorandum of Law in Support (DE# 187, 7/12/10). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Strike "Plaintiff's Supplemental Disclosures" and Memorandum of Law in Support (DE# 187, 7/12/10) is **GRANTED**. The Plaintiff's Supplemental Disclosures (DE# 152-19, 6/10/10) are **STRICKEN** for the reasons stated below.

The defendant moves to strike the Plaintiff's Supplemental Disclosures (DE#152-19, 6/10/10) (hereinafter "Supplemental Disclosures"), attached as an exhibit to the plaintiff's Motion For Sanctions (DE# 152, 6/10/10). The 71-page Supplemental Disclosures[1] discuss the plaintiff's damages calculations. Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure requires a party, "without awaiting a discovery request," to disclose "a computation of each category of damages claimed . . . [and] the

---

[1] The Supplemental Disclosure consists of a 15 page document with 56 pages of exhibits. See Supplemental Disclosures (DE#152-19, 6/10/10).

documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. Rule 26(a)(1)(A)(ii). The plaintiff claims that the Supplemental Disclosures relate back to the disclosures served on September 29, 2009 and implies that it is entitled to supplement its disclosures as to its damages calculations because of the defendant's alleged spoliation of evidence and failure to timely produce documents. See Plaintiff's Response in Opposition to Defendant's Motion to Strike "Plaintiff's Supplemental Disclosures" and Memorandum of Law in Support (DE# 195 at 5-7, 7/29/10).[2]

On February 26, 2010, the Court entered an Order (DE# 105, 2/26/10) requiring the plaintiff to disclose its experts no later than March 12, 2010 and requiring the parties to complete expert discovery no later than April 30, 2010.[3] See Order Granting in-Part and Denying in-Part Motion to Clarify (DE# 105 at 2, 2/26/10). On March 12, 2010, the plaintiff provided a disclosure to the defendant that identified the names and addresses of four individuals as expert witnesses, but failed to comply with Fed. R. Civ. P. 26(a)(2) because it did not include a written report from any of these witnesses and was not signed by the designated expert witnesses. In responding to the Defendant's Motion to Strike Plaintiff's Expert Disclosures (DE# 115, 4/2/10), the plaintiff argued that it was

---

[2] On August 20, 2010, the plaintiff filed the declaration of Daniel Elliot which "conclude[s] without any doubt that a substantial amount of HIPAA 835 electronic remits were not provided by [the defendant] in discovery based on the document[s] . . . reviewed. See Declaration of Daniel Elliot (DE# 209-1 at 14, 8/20/10). Mr. Elliot's declaration is untimely. See S.D. Fla. L.R. 7.1(c)((3). Moreover, Mr. Elliot's opinion does not dissuade the undersigned from concluding that any discovery failings on the part of the defendant did not relieve the plaintiff of its Rule 26 obligations.

[3] The discovery cutoff was April 1, 2010. See Order Setting Trial Date, Pretrial Deadlines and Referral to Magistrate (DE# 26 at 9, 7/16/09).

justified in filing incomplete disclosures because of "a lack of material discovery due to [the d]efendant's own bad faith in concealing and/or destroying . . . evidence." Plaintiff's Response in Opposition to Defendant's Motion to Strike Plaintiff's Expert Disclosures and Incorporated Memorandum of Law (DE#121 at 7, 4/19/10).

On May 3, 2010, the undersigned issued an Order (DE-138) striking the plaintiff's expert disclosures after finding that the plaintiff did not satisfy its burden of showing that its failure to comply with the Rule 26(a)(2) was either substantially justified or harmless. See Order (DE# 138, 5/3/10). The Order stated as follows:

> If the plaintiff believed that it needed additional time to make complete expert disclosures, it was incumbent upon it to file a motion well in advance of the deadlines for expert disclosure and expert discovery. If, as the plaintiff complains, the defendant has not produced documents because they no longer exist due to the defendant's document retention policies or purported spoliation, then the plaintiff's experts would necessarily have to work with certain assumptions or other information. **The plaintiff cannot excuse its lack of diligence in securing opinions from its experts due to missing discovery.**

Id. at 7-8 (emphasis added).

The plaintiff has now filed its Supplemental Disclosures pursuant to Rule 26(e)(1)(A), purportedly supplementing a previous set of disclosures it served on September 29, 2009.[4] The Supplemental Disclosures and its numerous exhibits sets forth an analysis of the plaintiff's claimed damages in this action, but is not signed by an

---

[4] On September 29, 2009, the plaintiff served on the defendant a two-page supplement to its initial disclosure. See Plaintiff's Supplement to Initial Disclosure (DE# 159-3, 6/14/10). The supplement generally described the categories of the plaintiff's damages and stated that "[t]he [p]laintiff cannot furnish a precise and total computation of its damages until [the defendant] has complied with its discovery obligations." Id. at 3.

attorney[5] and is being submitted to the Court over two months after the close of fact discovery.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or the witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The plaintiff was previously warned that any purported spoliation by the defendant would not provide substantial justification for failing to comply with the basic requirements of Rule 26(a) and (e) because the plaintiff could still comply with those requirements using the available evidence. See Order (DE# 138, 5/3/10), discussed supra. Moreover, the defendant is prejudiced as discovery in this matter has ended. Based on the foregoing, the defendant's motion to strike is granted and the plaintiff's Supplemental Disclosures are stricken.

**DONE AND ORDERED** in Chambers at Miami, Florida this **23rd** day of August, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record

---

[5] The plaintiff failed to supply the defendant with a signed copy of the Supplemental Disclosures even after the defendant made two written requests for a signed copy. See Defendant's Motion to Strike "Plaintiff's Supplemental Disclosures" and Memorandum of Law in Support (DE# 187-1 at 2, 7/12/10). The plaintiff claims that an attorney's signature on the certificate of service is sufficient to satisfy Rule 26. See Plaintiff's Response in Opposition to Defendant's Motion to Strike "Plaintiff's Supplemental Disclosures" and Memorandum of Law in Support (DE# 195 at 4-5, 7/29/10). The undersigned does not need to decide this issue.