UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-60351-CIV-SEITZ/O'SULLIVAN

MANAGED CARE SOLUTIONS, INC.,

      Plaintiff,

v.

ESSENT HEALTHCARE, INC.,

      Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court on the Objection to Subpoena and Motion to Quash Subpoena (DE# 202, 8/6/10) filed by non-party The SSI Group, Inc. and the Plaintiff's Response in Opposition to Non-Party, SSI Group, Inc.'s, Objections to Subpoena for Production of Documents and Motion to Quash and Plaintiff's Motion to Compel Documents and Incorporated Memorandum of Law (DE# 207, 8/12/10).

## BACKGROUND

On July 22, 2010, the plaintiff caused to be issued a subpoena duces tecum on non-party SSI Group, Inc. (hereinafter "SSI") requiring that certain documents be produced at the plaintiff's counsel's office in Miami, Florida on or before August 6, 2010. See Subpoena (DE# 202 at 6-7, 8/6/10). On August 6, 2010, SSI filed objections and moved to quash the subpoena duces tecum. See Objection to Subpoena and Motion to Quash Subpoena (DE# 202, 8/6/10). The plaintiff filed a response on August 12, 2010. See Plaintiff's Response in Opposition to Non-Party, SSI Group, Inc.'s, Objections to Subpoena for Production of Documents and Motion to Quash and

Plaintiff's Motion to Compel Documents and Incorporated Memorandum of Law (DE# 207, 8/12/10). No reply was filed.

## ANALYSIS

SSI challenges the validity of the subpoena duces tecum. SSI notes that the face of the subpoena duces tecum states that it is from the United States District Court for the Southern District of Alabama but is not signed by the Clerk of that Court. Additionally, SSI was advised that no case was opened in the Southern District of Alabama for the issuance of the subpoena. See Objection to Subpoena and Motion to Quash Subpoena (DE# 202 at 2, 8/6/10). SSI further argues that the subpoena should have been issued from the Southern District of Florida. Id. (citing Fed. R. Civ. P. 45(a)(2)(c)). Lastly, SSI raises general objections to the documents sought by the subpoena. The Court will address SSI's arguments in turn.

**A.    Whether the Plaintiff's Counsel Was Authorized to Sign the Subpoena from the Southern District of Alabama**

SSI argues that the subject subpoena must be quashed because it was not signed by the Clerk of the Southern District of Alabama. The plaintiff responds that its counsel was properly authorized to sign the subpoena because counsel "is authorized to practice law before this Court, [and] is therefore authorized to issue and sign subpoenas on behalf of any United States district court, as was done by [the plaintiff's counsel] with regard to the Southern District of Alabama, the situs District of the third-party respondent, SSI." Id. at 5.

Rule 45 states, in part, as follows:

> (3) Issued by Whom. The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. **An attorney also may issue and sign a subpoena as an**

>  **officer of:**
>
>> (A) a court in which the attorney is authorized to practice; or
>>
>> **(B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending.**

Fed. R. Civ. P. 45 (3) (emphasis added). Courts have interpreted this provision, to allow an attorney to issue a subpoena from any district court so long as the attorney is authorized to practice in the Court where the action is pending. "[A]n attorney with a federal case pending in Pennsylvania can issue subpoenas for the production of documents in a case on behalf of any district court in the United States." Highland Tank & Mfg. Co. v. PS Intern., Inc., 227 F.R.D. 374 (W.D. Pa. 2005). See also Burks v. Fulmer Helmets, Inc., No. 2:08-cv-28, 2009 WL 742723, * 1 (N.D. Miss. Mar. 17, 2009) (stating that "[u]nder Rule 45, a subpoena may be issued by the clerk of court or an attorney who signs the subpoena as an officer of: (a) a court in which the attorney is authorized to practice; or (b) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending."). The undersigned finds that this interpretation is in line with "[t]he clear purpose of the rule [which] is to relieve the courts and counsel of the administrative burden and delay that would attend a requirement that every subpoena in a civil case be signed by a judge of the court." Anderson v. City of New York, No. CV-06-5363, 2009 WL 3731973, * 1 (E.D.N.Y. Nov. 6, 2009) (citing Fed. R. Civ. P. 45 advisory committee's note, 1991 amendment). Thus, the Court finds that the plaintiff's counsel was authorized to sign a subpoena from the Southern District of Alabama.

**B.   Whether the Subpoena Was Properly Issued from the Southern District of Alabama**

The subject subpoena is captioned as a "subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action" and required that documents be produced at the plaintiff's counsel's office in Miami, Florida. See Subpoena (DE# 202 at 6-7, 8/6/10). The subpoena did not seek to take the deposition of a corporate representative of SSI. Rule 45 states, in pertinent part, that:

> (2) <u>Issued from Which Court.</u> A subpoena must issue as follows:
>
> > (A) for attendance at a hearing or trial, from the court for the district where the hearing or trial is to be held;
> >
> > (B) for attendance at a deposition, from the court for the district where the deposition is to be taken; and
> >
> > **(C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.**

Fed. R. Civ. P. 45 (a)(2) (emphasis added). In <u>Total Containment, Inc.</u>, the court explained that "the geographic limitation in Rule 45(a)(2)(C) relates principally to the location **of the documents to be produced,** rather than the specified location on the subpoena. <u>City of Petersburg v. Total Containment, Inc.</u>, No. 07-191, 2008 WL 1995298, * 3 (E.D. Penn. May 5, 2008) (emphasis in original). <u>See</u> also <u>Hallamore Corp. v. CAPCO Steel Corp.</u>, 259 F.R.D. 76, 79 (D. Del. 2009) (citing Fed. R. Civ. P. 45(a)(2)(C)) (noting that "[t]ypically, a subpoena for production of documents must issue from the district where the documents are located."). Here, the documents are located in the Southern District of Alabama. It would have been improper for the plaintiff to have

4

issued the subject subpoena duces tecum from the Southern District of Florida. See Gutescu v. Carey Int'l, Inc., No. 01-4026-CIV, 2003 WL 25589034, *2 (S.D. Fla. June 24, 2003) (citations omitted) (stating that "[t]his Court does not have the power to issue a subpoena duces tecum to . . . a non-party located in New York City, for the production of documents located in the Southern District of New York to a location within this District."). Thus, the subject subpoena was properly issued from the Southern District of Alabama.

**C.     General Objections to the Subpoena**[1]

SSI raises several general objections to the subpoena duces tecum. SSI objects to the following:

- (a)   The information requested in the alleged subpoena should have been or could have been obtained from the Defendant in this case, Essent Healthcare, Inc. (hereinafter referred to as "Essent").

- (b)   Managed Care Solutions, Inc. has acknowledged that Essent produced 511,000 pages of responsive documents prior to the discovery cutoff and 831,121 pages after the discovery cutoff for a total of more than 1.34 million pages of documents produced.

- (c)   The documents requested by the Plaintiff are proprietary and confidential information to SSI.

- (d)   SSI's contracts and documents are tailor made for SSI and SSI's clients, and SSI does not want any other healthcare company to read and review SSI's documents.

- (e)   For SSI to comply with the Plaintiff's document requests, it would require potentially hundreds of man power hours to review SSI's records in order to comply with the request.

- (f)   The subpoena is burdensome to SSI and SSI is not involved in this

---

[1] The undersigned does not need to address the plaintiff's timeliness argument because it would not affect the Court's ruling.

    case.

 (g) The costs to SSI to have its personnel to assemble the documents, and redact confidential and privileged information could cost SSI tens of thousands of dollars.

 (h) SSI is not a denial management consulting service company. Specifically, SSI did not perform any denial management consulting services for Essent Healthcare or any of its hospitals including the period from February 2006 through June 2009.

Objection to Subpoena and Motion to Quash Subpoena (DE# 202 at 2-3, 8/6/10). SSI does not object to the production of the subpoenaed documents in the Southern District of Florida.

 The Court is not persuaded by SSI's objections. The fact that the defendant in this case has already produced voluminous documents to the plaintiff, or that SSI did or did not provide denial management services to the defendant, would not relive SSI from its obligation to respond to a properly issued subpoena duces tecum. SSI's blanket concerns regarding the disclosure of confidential and proprietary information can be allayed by the Protective Order issued by this Court which would apply to the production of documents by SSI pursuant to the subpoena duces tecum. To the extent that SSI's concerns are not addressed by the Protective Order, SSI has failed to meet its burden of proof. See Transcor, Inc. V. Furney Charters, Inc., 212 F.R.D. 588, 592-93 (D. Kan. 2003) (finding that "the party moving to quash the subpoena, ha[d] not satisfied its burden of showing a 'clearly defined and serious injury' that would result from the disclosure of its operating account records held at [a bank]. [The movant's] broad, general assertion that production of its operational and payroll bank account records would put it at a competitive disadvantage . . . [wa]s not sufficient to meet this burden.").

Lastly, SSI's claims that responding to the instant subpoena duces would be unduly burdensome and costly are not adequately supported and are therefore, unavailing. As the party moving to quash the subpoena, SSI must show the subpoena subjects it to undue burden. <u>Sherwood v. Michelin North America, Inc.</u>, No. 7:06-CV-93, 2007 WL 431090, *2 (M.D. Ga. Feb. 2, 2007) (citing, <u>Wiwa v. Royal Dutch Petroleum Co.</u>, 392 F.3d 812, 818 (5th Cir. 2004)). SSI's conclusory objections are insufficient to grant it relief from the instant subpoena duces tecum.

## CONCLUSION

The subpoena duces tecum was properly signed by the plaintiff's counsel and issued from the Southern District of Alabama. SSI's general objections are insufficient. Accordingly, it is

ORDERED AND ADJUDGED that the Motion to Quash Subpoena (DE# 202, 8/6/10) is **DENIED** and the objections raised therein is **OVERRULED**. It is further

ORDERED AND ADJUDGED that the Plaintiff's Motion to Compel Documents (DE# 207, 8/12/10) is **GRANTED**. SSI shall comply with the subpoena on or before **Friday, September 3, 2010.**

DONE AND ORDERED in Chambers at Miami, Florida this **27th** day of August, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All Counsel of Record

Copies mailed by Chambers to:
James D. Brooks, Esq.
P.O. Box 8158
Mobile, AL 36689