UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60351-CIV-SEITZ/O'SULLIVAN

MANAGED CARE SOLUTIONS, INC.,

    Plaintiff,

vs.

ESSENT HEALTHCARE, INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Reconsideration of this Court's August 23, 2010 Order [D.E. 213] (DE# 227, 9/2/10). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Reconsideration of this Court's August 23, 2010 Order [D.E. 213] (DE# 227, 9/2/10) is **DENIED** for the reasons stated herein.

## BACKGROUND

On August 23, 2010, the undersigned entered an Order (DE# 213) granting the defendant's motion to strike the Plaintiff's Supplemental Disclosures (DE#152-19, 6/10/10) (hereinafter "Supplemental Disclosures"), attached as an exhibit to the plaintiff's Motion For Sanctions (DE# 152, 6/10/10). On September 2, 2010, the plaintiff filed the instant motion for reconsideration of this Order. See Plaintiff's Motion for Reconsideration of this Court's August 23, 2010 Order [D.E. 213] (DE# 227, 9/2/10) (hereinafter "Motion for Reconsideration"). The defendant filed a response on September 6, 2010. See Defendant's Response in Opposition to Plaintiff's Motion for

Reconsideration (DE# 230, 9/6/10) (hereinafter "Response").

## ANALYSIS

Generally, there are three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) availability of new evidence and (3) the need to correct clear error or manifest injustice. Wendy's International, Inc. v. Nu-Cape Construction, Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996). "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999). Accordingly, "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." Sheffield Woods at Wellington Condominium Ass'n., Inc. v. Scottsdale Ins. Co., No. 8:09-cv-1148-T-24 TBM, 2010 WL 3385311, *1 (M.D. Fla. Aug. 26, 2010) (citation omitted).

The plaintiff seeks reconsideration of the Court's August 23, 2010 Order (DE# 213) on the following grounds: (1) the Order causes a manifest injustice upon the plaintiff because the plaintiff relied on prior direction from the Court in submitting the Supplemental Disclosures and (2) the Order misapprehends the facts regarding the plaintiff's failure to sign the Supplemental Disclosures. The undersigned will address these arguments in turn.[1]

---

[1] The defendant asks that the Court deny the instant motion for failure to comply with the Local Rules. Local Rule 7.1(a)(3) provides, in part, that:

**1.    Manifest Injustice**

The plaintiff argues that the Court's Order (DE# 213) causes a manifest injustice upon the plaintiff because the Court issued an Order dated September 22, 2009 "which explicitly provided that [the plaintiff] was to supplement its disclosures further upon receipt of additional information from [the d]efendant." Motion for Reconsideration (DE# 227 at 4, 9/2/10). Thus, the plaintiff argues that it was merely complying with the Court's September 22, 2009 Order when it filed the Supplemental Disclosures on June 10, 2010: "[the d]efendant produced substantial material after the discovery cutoff and [the plaintiff] spent a reasonable amount of time reviewing and synthesizing the production before further supplementing its disclosures pursuant to the September 22, 2009 Order." Id. at 5.

The September 22, 2009 Order states in relevant part as follows: "on or before

---

> Prior to filing any motion in a civil case, [with certain limited exceptions], counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. . . . At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has beenunable to do so. . . . **Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion** . . . .

S.D. Fla. L.R. 7.1(a)(3) (2010) (emphasis added). The instant motion contains no certification of compliance with Local Rule 7.1(a)(3). This omission provides sufficient basis for denying the plaintiff's motion. Nonetheless, in the interest of judicial economy, the undersigned will address the merits of the plaintiff's motion. In the future, counsel shall confer with the opposing side prior to filing any motions.

September 29, 2009, the plaintiff shall provide a detailed response under Rule 26(a)(1)(A)(3) regarding the computation of damages for loss of profits and reimbursement of expenses. The plaintiff shall supplement this response should additional information become available." See Order (DE# 41 at 1, 9/22/09). The September 22, 2009 Order did not provide the plaintiff with a license to file Supplemental Disclosures at any time including over two months after the close of fact discovery. Any illusions to the contrary should have been dispelled by the Court's May 3, 2010 Order (DE# 138) clearly advising the plaintiff that it could not rely on missing discovery to excuse its noncompliance with Rule 26. Thus, the plaintiff has failed to show that the prior Order (DE# 213) would result in manifest injustice.

**2.     Misapprehension of Facts**

The plaintiff further argues that the Order (DE# 213) misapprehends the facts surrounding the parties' dispute over whether the plaintiff signed the Supplemental Disclosures. However, the subject Order (DE# 213) did not rely on the plaintiff's failure to execute the Supplemental Disclosures as a basis for granting the defendant's motion to strike. Thus, whether the plaintiff's counsel's signature on the certificate of service was sufficient to satisfy Rule 26 is immaterial. The Order (DE# 213) specifically stated that "[t]he undersigned d[id] not need to decide this issue." See Order (DE# 213 at 4, n.5, 8/23/10). The alleged factual misapprehension of an argument which the undersigned did not rely on is not a basis for reconsidering the undersigned's prior ruling.

## CONCLUSION

The plaintiff has not shown any grounds for reconsidering the undersigned's prior

ruling. Accordingly, the Plaintiff's Motion for Reconsideration of this Court's August 23, 2010 Order [D.E. 213] (DE# 227, 9/2/10) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this **7th** day of September, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record