UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60351-CIV-SEITZ/O'SULLIVAN

MANAGED CARE SOLUTIONS, INC.,
    Plaintiff,

vs.

ESSENT HEALTHCARE, INC.,
    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Motion for Rehearing and/or Reconsideration of Order Dated June 27, 2011 [D.E. 346] Pursuant to Fed. R. Civ. P. 60(b) (DE# 350, 7/11/11) filed by the plaintiff. On October 6, 2010, the defendant filed a motion for attorney's fees, costs and expenses against the plaintiff. See Defendant's Motion for Award of Attorney's Fees, Costs, and Expenses and Memorandum of Law in Support Thereof (DE# 298, 10/6/10). The parties consented to magistrate judge jurisdiction for the final disposition of this motion. See Order Following September 22, 2010 Status Conference, Granting Motion for Default, and Referring Motion on Attorney's Fees and Sanctions to Magistrate Judge (DE# 293 at 3, 9/23/10). Following extensive briefing, the undersigned issued an Order granting in part and denying in part the Defendant's Motion for Award of Attorney's Fees, Costs, and Expenses and Memorandum of Law in Support Thereof (DE# 298, 10/6/10). See Order (DE# 346, 6/27/11).[1] The plaintiff now seeks rehearing and reconsideration of the Court's Order

---

[1] On the same day, the undersigned also issued a Report and Recommendation recommending that the Defendant's Motion for Sanctions Against Plaintiff Managed Care Solutions, Inc.; Robert Ingham, Esq.; Ingham & Associates, P.A.; Jonathan J. Warrick, Esq.; The Law Office of Jonathan Warrick, P.A.; and Raphael Baruch and Memorandum of Law in Support Thereof (DE# 299, 10/6/10) be granted in part and denied in part. See Report and Recommendation (DE# 347, 6/27/11). The plaintiff, the defendant and Mr. Ingham have filed objections to this Report and Recommendation.

(DE# 346).

Generally, there are three grounds justifying reconsideration of a prior order: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or manifest injustice. Wendy's International, Inc. v. Nu-Cape Construction, Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996). The plaintiff seeks reconsideration on the ground that holding "the Plaintiff liable for the attorneys' fees, costs, and expenses incurred by the Defendant as a result of [former counsel Robert] Ingham's bad faith conduct is manifestly unjust to the Plaintiff." Motion for Rehearing and/or Reconsideration of Order Dated June 27, 2011 [D.E. 346] Pursuant to Fed. R. Civ. P. 60(b) (DE# 350 at 3, 7/11/11). The plaintiff asks that the undersigned vacate the prior Order (DE# 346) and that the amount the plaintiff owes the defendant be reduced by the sanctions to be imposed against Mr. Ingham and any sanctions to be imposed on Mr. Warrick. Id. at 4-5.[2]

Motions for reconsideration are strongly disfavored. The Court previously considered the merits of the Defendant's Motion for Award of Attorney's Fees, Costs, and Expenses and Memorandum of Law in Support Thereof (DE# 298, 10/6/10). In opposing the defendant's fee request, the plaintiff argued that:

> The Plaintiff respectfully submits that it is the victim of gross negligence on behalf of its prior counsel which has effectively prevented the Plaintiff from presenting its case and proceeding on the merits of its claims. The Plaintiff further submits that it has not attempted to, nor endeavored to: (1) engage in any bad faith conduct; (2) withhold any evidence from the Defendant; (3) stonewall any defense the Defendants may have to the

---

[2] The plaintiff requests that the undersigned refrain from ruling on the instant motion until Judge Seitz issues her ruling on the Report and Recommendation to avoid inconsistent rulings. See Motion for Rehearing and/or Reconsideration of Order Dated June 27, 2011 [D.E. 346] Pursuant to Fed. R. Civ. P. 60(b) (DE# 350 at 4, 7/11/11). There is no reason to delay a ruling on the instant motion because the instant motion will be denied.

claims raised by the Plaintiff; (4) try this case by ambush; (5) violate any court order; or (6) violate the Federal Rules and Local Rules of this Honorable Court.

Response in Opposition to Motion for Sanctions and Motion for Award of Attorney's Fees, Costs and Expenses (DE# 316 at 1-2, 11/12/10). The Court soundly rejected these arguments in ruling that the defendant was entitled to an award of $1,542,903.88 in attorney's fees, costs and expenses against the plaintiff. See Order (DE# 346 at 30-31, 6/27/11). The Motion for Rehearing and/or Reconsideration of Order Dated June 27, 2011 [D.E. 346] Pursuant to Fed. R. Civ. P. 60(b) (DE# 350, 7/11/11) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this **13th** day of July, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record